**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>MICHAEL GINDI,<br><br>Debtor. | Civil Action No. 25-18238 (MAS)<br><br>**MEMORANDUM OPINION** |
| MICHAEL GINDI,<br><br>Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>Appellee. | |

**SHIPP, District Judge**

This matter comes before the Court upon Appellant Michael Gindi's ("Appellant") appeals from several Bankruptcy Court Orders: (1) the June 2025 Order dismissing his Adversary Proceeding (the "June Dismissal Order") (Bankr. Adv. Pro. ECF No. 29)[1]; (2) the September 2025 Order dismissing Appellant's Chapter 13 bankruptcy petition (the "Chapter 13 Dismissal Order") (Bankr. ECF No. 43)[2]; and (3) the November 2025 Order denying Appellant's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (the "Rule 60 Order") (Bankr. ECF No. 52) (ECF No. 1). Appellant filed a brief in support of his appeals (ECF No. 12), Appellees The Bank

[1] Citations to the bankruptcy docket, adversary proceedings, which are denoted with "Bankr. Adv. Pro. ECF No.", refer to Appellant's adversary bankruptcy proceeding, No. 24-1614.

[2] Citations to the bankruptcy docket which are denoted with "Bankr. ECF No.", refer to Appellant's Chapter 13 bankruptcy proceeding, No. 24-17426.

of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, INC., Alternative Loan Trust 2007-9T1, Mortgage Pass-Through Certificates, Series 2007-9T1 ("Bank of New York") and Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint," and collectively with Bank of New York, "Appellees") opposed (ECF No. 15), and Appellant replied (ECF No. 18). Appellant further filed an Emergent Application for an Order to Show Cause, Interim Stay, and Stay Pending Appeal (the "Application to Stay") seeking to stay a sheriff's sale of Appellant's property scheduled for August 17, 2026 (Appellant's Appl. to Stay, ECF No. 19), which this Court granted, staying the sheriff's sale pending the adjudication of this appeal (the "Stay") (Aug. 17, 2026, Text Order, ECF No. 24). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, the Court affirms the Bankruptcy Court's Orders and lifts the Stay.

## I. BACKGROUND

### A. Mortgage Default and State Foreclosure Actions

On February 8, 2007, Appellant executed and delivered a promissory note in the original principal amount of $1,260,000 in favor of GFI Mortgage, Inc. (the "Note"). (Ex. 17 to Hughes Decl. ("Note") *212-15[3], Adv. Pro. Bankr. ECF No. 19-3.) The same day, Appellant and his non-debtor spouse, Barbara Gindi ("Barbara"), executed and delivered a mortgage securing repayment of the Note (the "Mortgage") against the property located at 10 Alba Lane, West Long Branch, New Jersey 07764 (the "Property"). (Ex. 1 to Hughes Decl. ("Mortgage") *2-19.) The Mortgage was notarized. (*Id.* at *19.) The Mortgage was thereafter assigned to Bank of New York. (Ex. 2 to Hughes Decl. *21, 24.)

[3] Page numbers preceded by an asterisk reflect the number atop the ECF header.

On June 13, 2022, after previously defaulting under the Loan, Appellant and Barbara entered into a loan modification agreement with Bank of New York (the "Loan Modification"). (Ex. 3 to Hughes Decl. ("Loan Modification") *31-37.) The Loan Modification was signed by Appellant and Barbara and notarized. (*Id.*) After Appellant defaulted on the Loan Modification, on May 5, 2023, Bank of New York commenced a foreclosure action in the Superior Court of New Jersey, Monmouth County, under Index No. F-005691-23 (the "Foreclosure Action"). (Ex. 4 to Hughes Decl. ("Foreclosure Compl") *39-44.) On May 31, 2023, Appellant filed an answer with affirmative defenses in the Foreclosure Action. (Ex. 5 to Hughes Decl. ("Answer") *56-61.) In the Answer, Appellant repeatedly wrote: "We deny they own the loan, provide a copy of the mortgage, the note and the deed." (*See id.* at *56-59.)

By Order dated October 6, 2023, the state court granted Bank of New York's motion to strike Appellant's answer. (Ex. 6 to Hughes Decl. ("Order") *63-64.) On January 10, 2024, the state court entered a final judgment of foreclosure in Bank of New York's favor (the "Final Judgment"). (Ex. 8 to Hughes Decl. ("Final Judgment") *83-85.) Appellant did not appeal the Final Judgment. On July 10, 2024, Bank of New York filed a Notice of Sheriff's Sale scheduling the foreclosure sale of the Property for July 29, 2024. (*Id.* at *86-90.)

**B. Bankruptcy Action**

Three days before the scheduled sale, on July 26, 2024, Appellant filed the Chapter 13 bankruptcy proceeding underlying this appeal. (Chapter 13 Pet., Bankr. ECF No. 1.) Appellant thereafter, on November 3, 2024, commenced the Adversary Proceeding against Appellees, asserting claims challenging, among other things, Appellees' standing to enforce the Loan, the validity of Appellees' proof of claim, and the enforceability of the Mortgage obligation, including allegations of fraud and forgery by a third party relating to the Loan's origination. (*See* Compl.,

Bankr. Adv. Pro. ECF 1.) On April 8, 2025, Appellant filed an Amended Complaint in the Adversary Proceeding asserting eleven causes of action, including: (1) objections to Appellees' proof of claim; (2) requests to strike the claim; (3) alleged violations of Federal Rules of Bankruptcy Procedure 3001 and 3007; (4) Fair Debt Collection Practices Act-related claims; (5) claims for unjust enrichment and negligent misrepresentation; and (6) requests to invalidate or subordinate the Loan. (*See generally* Am. Compl., Bankr. Adv. Pro. ECF 15.)

Appellees thereafter moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Bank of New York's Mot. to Dismiss, Bankr. Adv. Pro. ECF No. 18; Shellpoint's Mot. to Dismiss, Bankr. Adv. Pro. ECF No. 19.) On June 6, 2025, Appellant opposed the dismissal motions and cross-moved to strike Appellees' motions, arguing that: (1) the proof of claim was defective under Bankruptcy Rule 3001; (2) Appellees lack standing and are not the real parties in interest; (3) the Bankruptcy Court was required to adjudicate Appellant's standing and proof-of-claim objections before dismissing the Adversary Proceeding; (4) Appellees' pleadings should have been stricken as non-responsive under Federal Rules of Civil Procedure 8 and 12(f); and (5) Appellees allegedly failed to "answer" the Amended Complaint. (*See generally* Appellant's Opp'n Br., Bankr. Adv. Pro. ECF 22-1.)

On June 12, 2025, the Bankruptcy Court held a hearing on Appellees' motions to dismiss. (Mots. to Dismiss Hr'g Tr. ("T1"), Bankr. Adv. Pro. ECF No. 31.) That same day, the Bankruptcy Court issued the Dismissal Order granting Appellees' motions to dismiss and denying Appellant's cross-motion as moot. (June Dismissal Order, Bankr. Adv. Pro. ECF No. 29.) Thereafter, on September 22, 2025, the Bankruptcy Court held a hearing on the Trustee's Motion to Dismiss the Appellant's Chapter 13 case. (Chapter 13 Mot. to Dismiss Hr'g Tr. ("T2"), ECF No. 12-1.) That same day, the Bankruptcy Court entered the Chapter 13 Dismissal Order dismissing Appellant's

Chapter 13 bankruptcy case after determining that no confirmable Chapter 13 plan existed following dismissal of the Adversary Proceeding. (Chapter 13 Dismissal Order, Bankr. ECF No. 43.)

On November 13, 2025, Appellant moved pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) seeking to vacate both the Dismissal Order and Chapter 13 Dismissal Order as "void." (Mot. to Vacate, Bankr. ECF No. 46.) On the same day, Appellant moved to shorten the time for the Federal Rule of Civil Procedure 60(b) motion. (Appl. to Shorten Time, Bankr. ECF No. 47.) On November 14, 2025, the Bankruptcy Court granted the shortened time application and set the hearing date for November 19, 2025. (Nov. 14, 2025 Order, Bankr. ECF No. 50.) On November 19, 2025, the Bankruptcy Court conducted a hearing on Appellant's Rule 60(b) motion. (Rule 60 Hr'g Tr. ("T3"), ECF No. 12-2; Nov. 19, 2025 Minute Entry, Bankr.) On November 20, 2025, the Bankruptcy Court entered the Rule 60 Order denying Appellant's request for post-judgment relief. (Rule 60 Order, Bankr. ECF No. 52.)

### C. Instant Action

Appellant filed his Notice of Appeal and Designation of Record on Appeal in front of this Court on December 5, 2025, and December 19, 2025, respectively. (Appellant's Not. of Appeal, ECF No. 1; Designation of Record, ECF No. 3.) Appellant thereafter filed a brief in support of his appeals. (Appellant's Moving Br., ECF No. 12.) Appellees opposed (Appellees' Opp'n Br., ECF No. 15), and Appellant replied (Appellant's Reply Br., ECF No. 18). On August 17, 2026, Appellant filed the Application to Stay seeking to stay a sheriff's sale of Appellant's property scheduled for that day. (Appellant's Appl. to Stay, ECF No. 19.) That same day, Appellees filed opposition to the Application to Stay (Appellees' Opp'n Correspondence, ECF No. 23), and the Court held a teleconference on the Motion to Stay (Min. Entry, ECF No. 25). The Court thereafter

granted Appellant's Application to Stay and stayed the sheriff's sale pending the adjudication of this appeal. (Aug. 17, 2026, Text Order, ECF No. 24.)

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions is "determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Legal conclusions of the bankruptcy court are subject to de novo or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). Findings of fact, comparatively, are not set aside unless "clearly erroneous." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire as to whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987) (citing *Int'l Olympic Comm. v. S.F. Arts & Athletics*, 781 F.2d 733, 738 (9th Cir. 1986)).

## III. DISCUSSION

Appellant argues that: (1) the dismissal orders should be vacated as void under Federal Rule of Civil Procedure 60(b)(4) because Appellant alleges a due process defect and did not have a meaningful opportunity to be heard on a disputed claim and standing issues; (2) the Bankruptcy Court's failure to issue findings of fact and conclusions of law requires vacatur or remand; (3) the Bankruptcy Court improperly terminated the proceedings without resolving the threshold issues

concerning standing and validity of the creditor's proof of claim; and (4) vacatur or remand is required to permit proper adjudication and appellate review. (Appellant's Moving Br. *10-17.)

**A. The Bankruptcy Court Properly Denied Appellant's Rule 60 Motion**

Appellant argues that: (1) his Federal Rule of Civil Procedure 60(b)(4) motion invoked the due-process component of the Rule and that the Bankruptcy Court dismissed both the adversary proceeding and the Chapter 13 case without adjudicating threshold issues concerning standing and claim enforceability and without issuing findings of fact or conclusions of law (*id.* at *10-11); (2) he asserted that the creditor never filed an answer in the adversary proceeding and did not present authenticated evidence establishing its right to enforce the mortgage claim asserted in Proof of Claim No. 3-1 (*id.* at *11); (3) the Bankruptcy Court dismissed the adversary proceeding and the Chapter 13 case without conducting an evidentiary hearing despite live disputes regarding standing, enforceability of the note, and the validity of Appellees' proof of claim (*id.*); and (4) the Bankruptcy Court terminated the proceedings without providing an evidentiary mechanism or creating a record sufficient to resolve those disputes. (*Id.*)

Federal Rule of Civil Procedure 60 allows a court to provide litigants "[r]elief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quotation omitted); *see also Koch v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied [s]ubject to the proposition[ ] that the finality of judgments is a sound principle that should not lightly be cast aside" (first alteration in original) (quotation omitted)). Rule 60 "'seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics;' it is not intended to provide an opportunity to reargue fraud-based claims dismissed on the merits." *Agcaoili v. Stanley*, No. 08-2715, 2009 WL

10698038, at *2 n.2 (D.N.J. June 9, 2009) (quoting *Optimal Health Care Servs. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992)). To prevail on a Rule 60(b)(4) motion, an appellant must show that "the judgment is void." *See* Fed. R. Civ. P. 60(b)(4). "A judgment is void and subject to relief under Rule 60(b)(4) only if the court that rendered it lacked jurisdiction to do so, or entered a decree which is not within the powers granted to it by the law." *Dickinson v. Metzger*, No. 13-1031, 2018 WL 563141, at *2 n.1 (D. Del. Jan. 23, 2018) (internal quotation marks and citation omitted).

As discussed in more detail below, the Court finds that the Bankruptcy Court's judgments are not void because Appellant received adequate notice and opportunity to be heard and raised these issues throughout the Bankruptcy and Adversarial Proceedings. (*See generally* T1; T2; T3; Appellant's Opp'n Br.) During the Rule 60 motion hearing, the Bankruptcy Court expressly acknowledged Appellant's standing and claim-enforcement arguments, discussed the procedural history of those objections, and then explained why the arguments raised in the Adversary Proceedings failed as a matter of law. (T3 9:13-17:25.) The Bankruptcy Court provided adequate opportunity for Appellant to brief the issues before the hearing, which he did. (*See generally* Mot. to Vacate.) The Bankruptcy Court then, on the record during the hearing, expressly articulated the legal doctrines supporting dismissal, including *Rooker-Feldman*, *res judicata*, claim preclusion, the entire controversy doctrine, ratification, and judicial estoppel. (*Id.* at 11:1-13:25.)

There was, accordingly, no jurisdictional or constitutional defect that would warrant relief under Rule 60(b)(4). *In re Kajla*, No. 18-16813, 2019 WL 6339860, at *3-4 (D.N.J. Nov. 27, 2019) (affirming the bankruptcy court's denial of appellant's Rule 60 motion and noting that "Rule 60 offers extraordinary relief which should be granted only where extraordinary justifying

circumstances are present" (citation modified) (citations omitted)). This Court therefore finds that the motion was properly denied, and the Bankruptcy Court's Rule 60 Order is affirmed.

### B. The Bankruptcy Court Adequately Stated its Findings of Fact and Conclusions of Law

Appellant argues that the Bankruptcy Court failed to issue findings of fact and conclusions of law sufficient to permit meaningful appellate review. (Appellant's Moving Br. *12-14.) As discussed above, however, the Bankruptcy Court thoroughly articulated its reasoning on the record, and the hearing transcripts provide a complete and fully reviewable basis for this Court to decide this appeal. (*See generally* T1; T2; T3.) Here, the Bankruptcy Court expressly articulated the legal and procedural bases for which it dismissed both the Adversary Proceeding and the Chapter 13 case.

During the hearing on the motions to dismiss the Adversary Proceeding, the Court specifically noted Appellant's objection to the claim and that the Amended Complaint sought to strike the claim. (T1 5:21-6:1.) The Bankruptcy Court then made explicit findings of fact and conclusions of law. (*Id.* at 6:11-13:3.) Specifically, the Bankruptcy Court explained that it found that Appellant "failed to overcome or rebut the prima facie element of the filed proof of claim." (*Id.* at 6:18-19.) The Bankruptcy Court further elaborated, stating that: (1) Bank of New York attached the requisite instruments supporting the claim, as well as the Final Judgment; and (2) no appeal had been taken from the Final Judgment. (*Id.* at 6:20-7:5.) The Bankruptcy Court then correctly explained the legal framework, noting that the party objecting to a proof of claim must provide sufficient evidence to refute one or more of the facts in a filed claim before the burden shifts to the claimant. (*Id.* at 7:9-25.) The Bankruptcy Court explicitly found that Appellant "failed to rebut even the prima facie elements of the claim" and noted that it "t[ook] into account that Bank of New York . . . has provided sufficient information and factual predicate, including

attaching the associated instruments evidencing the prima facie validity of the claim." (*Id.* at 8:1-7.)

The Bankruptcy Court then reviewed the merits of the claim under the Rule 12(b)(6) standard and found that Appellant's claims were "barred under doctrines such as ratification, judicial estoppel, prior admissions[,] and the entire controversy doctrine." (*Id.* at 8:8-13.) The Bankruptcy Court discussed the motion to dismiss standard at length, before taking judicial notice of the state court foreclosure proceedings and Appellant's previous bankruptcy proceeding dockets.[4] (*Id.* at 8:15-10:8.) The Bankruptcy Court then made another explicit finding, explaining that "[i]n reviewing the dockets and the filings made by or on behalf of . . . [Appellant], it becomes clear that" Appellant "is obligated under the mortgage which is [the] subject of the foreclosure proceedings and has acknowledged the validity of the mortgage lien upon which the proofs of claim have been bottomed, based on State Law applications of ratification, judicial estoppel, as well as the law underlying or resulting from" Appellant's "own admissions." (*Id.* at 10:9-16.)

The Bankruptcy Court further explained that "with respect to ratification," Appellant's "own pleadings acknowledge that there have been payments made on the mortgage for over a year and a half subsequent to the origination of the mortgage[,]" and that Appellant's "own filings evidence . . . that there was participation in a loan modification program and acceptance of a loan modification." (*Id.* at 10:17-23.) Specifically, the Bankruptcy Court noted that on June 13, 2022, "approximately 15 years after the origination of the mortgage," Appellant "proposed and entered into a balloon modification of the underlying mortgage." (*Id.* at 10:24-11:1.) The Court then detailed that Appellant: (1) filed a Chapter 13 plan in his prior bankruptcy filings which sought a

---

[4] Appellant "filed prior bankruptcy cases in 2012 under [Case] Number 12-21564" and "in 2019 under Case Numbers 19-13671 and 19-25010."

loan modification of the very loan in dispute; (2) filed answers in three foreclosure actions which failed to reference or allege any issues as to the validity of the mortgage or the underlying note obligations, including any potential forgery; (3) filed an "answer in the second foreclosure [which] admitted the actual execution of the mortgage"; (4) had counsel in the state court proceedings who "certified as to the authenticity of the mortgage"; and (5) "listed [Bank of New York] and its claim as a creditor without any reference to [the] claim being disputed . . . [i]n every single . . . filing before" the Bankruptcy Court, "under penalty of perjury." (*Id.* at 11:2-24.)

The Bankruptcy Court also found that the *Rooker-Feldman* doctrine applied because if Appellant was successful on his claims, those claims would have the effect of undoing a state court foreclosure judgment action. (*Id.* at 14:4-16:9.) The Bankruptcy Court further explained that Appellant's claims failed based on the application of *res judicata*, the statute of limitations, and the entire controversy doctrine. (*Id.* at 16:10-18:7.)

Similarly, during the September 22, 2025, hearing regarding dismissal of the Chapter 13 case, the Bankruptcy Court explained that Appellant's amended Chapter 13 plan "in large part mirror[ed] the prior plans and [was] patently unconfirmable." (T2 5:11-14.) The Bankruptcy Court then noted that the amended plan: (1) "propose[d] to pay unsecured creditors ahead of secured creditors"; (2) "refer[ed] to the mortgage holder as an unsecured creditor and indicat[ed] that . . . [Appellant] w[ould] move to avoid his lien but [did] not specify the basis for avoidance or the amount sought to be avoided"; (3) relied on the outcome of the Adversary Proceeding which had "been dismissed with prejudice and . . . not . . . appealed"; and (4) was not filed within "[fourteen] days of the denial of the confirmation[.]" (*Id.* at 5:15-6:3.) The Bankruptcy Court also noted that Appellant failed "to file anything on the docket for three months" which "demonstrate[d] a lack of prosecution in the case." (*Id.* at 6:3-5.)

As discussed above, moreover, during the Rule 60 Motion hearing, the Bankruptcy Court expressly: (1) acknowledged Appellant's standing and claim-enforcement arguments, discussed the procedural history of those objections, and then explained why the Adversary Proceedings failed as a matter of law; (2) provided Appellant an adequate opportunity to brief and raise the issues he brought before the court; and (3) expressly articulated the legal doctrines supporting dismissal, including *Rooker-Feldman*, *res judicata*, claim preclusion, the entire controversy Doctrine, ratification, and judicial estoppel. (T3 9:1-17:25; *see generally* Mot. to Vacate.)

Taking the record and transcripts as a whole, the Court finds that the Bankruptcy Court explicitly and adequately made findings of fact and conclusions of law sufficient to permit meaningful appellate review and did not err in making such findings and conclusions. *See Kostopoulos v. Wilmington Sav. Fund Soc'y FSB*, No. 24-6215, 2025 WL 339274, at *2-3 (D.N.J. Jan. 29, 2025) (affirming bankruptcy court's dismissal under multiple theories and finding that it did "not err in coming to its factual conclusions"); *In re Flintkote Co.*, 526 B.R. 515, 525-526 (D. Del. 2014) (affirming bankruptcy court's confirmation order and determining that the bankruptcy court did not "err with respect to its findings of fact and did not err in its legal determinations").[5]

The Bankruptcy Court, accordingly, adequately considered the facts, made correct findings of law, and properly dismissed Appellant's Adversary Proceeding and Chapter 13 case.

---

[5] Appellant also argues that the Bankruptcy Court improperly dismissed the Adversary Proceeding and the Chapter 13 case without fully adjudicating Appellant's standing objections, proof-of-claim challenges, and "real party in interest" arguments. (Appellant's Moving Br. *9, *14-16.) For the reasons discussed above, however, the Court finds that the Bankruptcy Court properly dismissed both cases and fully addressed Appellant's arguments. This Court's independent review of the record, additionally, shows that the documents related to the Mortgage were all executed by Appellant and notarized, including the Loan Modification. (*See* Mortgage at *19; *see generally* Loan Modification *31-37.)

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, the Court dismisses Appellant's appeal and lifts its stay of the sheriff's sale entered on August 17, 2026. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 3, 2026